```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JONATHAN GARCIA ESQUEDA,                                    :
                                                            :
                          Plaintiff,                        :
                                                            :            20-CV-6697 (VSB)
              -against-                                     :
                                                            :                 ORDER
NYU LANGONE HOSPITALS, et al.,                              :
                                                            :
                          Defendants.                       :
                                                            :
---------------------------------------------------------- X
```

VERNON S. BRODERICK, United States District Judge:

       Plaintiff, through counsel, filed this action on August 20, 2020, in which he asserts claims for alleged discrimination in the course of his employment under Title VII to the Civil Rights Act of 1964, as well as other, similar claims. (Doc. 1). However, Plaintiff never served process on Defendants or even made proper requests for summonses to be issued.[1] Plaintiff thus failed to timely serve process as required by Federal Rule of Civil Procedure 4(m), which states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant" unless "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). Accordingly, almost a full year since the complaint in this

---

[1] Plaintiff's improper requests for issuance of summons, filed in November of 2020, all erroneously list the "Defendant(s)" as "NYS Langone Hospitals, et al." (Docs. 3–8.) These improper requests resulted in error messages on the docket, (*see id.*), and Plaintiff appears to have made no further attempts to have process issued or to serve process. Plaintiff's attorney failed to take any action despite receiving the following notice on November 18, 2020:
>  ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Jimmy Miguel Santos to RE-FILE Document No. 4 Request for Issuance of Summons, 8 Request for Issuance of Summons, 7 Request for Issuance of Summons, 5 Request for Issuance of Summons, 6 Request for Issuance of Summons, 3 Request for Issuance of Summons. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct; The defendant name listed in the caption on the summons PDF contains a typographical error. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF.

action was filed, on August 16, 2021, I entered an order notifying Plaintiff that this action would be dismissed absent a showing of good cause within the meaning of Rule 4(m). (Doc. 9.)

On September 2, 2021, Plaintiff's counsel filed a letter arguing that there is good cause for his failure to serve process, or that, in the alternative, I should "exercise discretion to grant an extension" absent good cause. (Doc. 10 ("Letter" or "Ltr.") at 3.)

"Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting *Nat'l Union Fire Ins. Co. v. Sun,* No. 93 Civ. 7170 (LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)). Good cause is often found once a litigant demonstrates that she has "done everything in [her] power to effect personal service" yet still was unable to do so. *See, e.g.*, *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 508 (2d Cir. 2006) (quoting *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986)); 4B Adam N. Steinman, *Federal Practice & Procedure* ("Wright & Miller") § 1137 (4th ed.) ("good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis."). Where a plaintiff did not timely receive a summons to serve, good cause generally will be found only if (1) the reason the summons was not timely issued was due to factors outside of the plaintiff's control, and (2) the plaintiff showed diligence in seeking the timely issuance of the necessary summons. *Compare, e.g.*, *Lujano v. Omaha Pub. Power Dist.*, 30 F.3d 1032, 1035 (8th Cir. 1994) (finding "good cause" where only a magistrate judge could issue a summons under a court's local rules; plaintiff timely sought issuance of the summons;

and plaintiff "inquired about the status of his case" and "was told that the lawsuit could not proceed until the [magistrate judge's] initial review was completed."), *with Tolchin v. Cnty. of Nassau*, 322 F. Supp. 3d 307, 312 (E.D.N.Y. 2018) (no good cause found where "the Clerk's Office rejected the proposed summons" and plaintiff offered no reasonable explanation for failure to seek a new summons for "seven months."), *aff'd*, 768 F. App'x 60 (2d Cir. 2019).

Here, Plaintiff has not acted diligently in seeking to serve process or otherwise shown that good cause exists. As already noted, Plaintiff did not even bother to seek the issuance of any summonses until Rule 4(m)'s 90-day window for service had almost expired, and his requests for issuance of summonses did not list Defendants correctly. (Docs. 3–8.) Plaintiff's counsel only says that he encountered "an unspecified PDF error" when he filed his requests, (Ltr. 3), but he does not say he took any steps towards resolving his error. Even setting aside Plaintiff's counsel's incorrect statement of an "unspecified" error—the reason for the error is clearly indicated on the docket, *see supra* note 1—"[a]ttorney error does not constitute good cause under Rule 4(m)." *Counter Terrorist Grp. U.S. v. New York Mag.*, 374 F. App'x 233, 235 (2d Cir. 2010) (citing *McGregor v. United States*, 933 F.2d 156, 159–60 (2d Cir. 1991)). Counsel could have reviewed either the docket notice or his erroneously-captioned summons requests to identify the problem; he could have attempted to contact "[t]he court's ECF Help Desk," which "is available via email at helpdesk@nysd.uscourts.gov, or by telephone at (212) 805-0136;"[2] or he could have proactively "filed a motion requesting extension of the Rule 4(m) time period to effectuate proper service of process," *see Jones v. City of New York*, 18-CV-4064 (GBD) (KHP), 2020 WL 9348252, at *2 (S.D.N.Y. Oct. 19, 2020). Instead, Plaintiff appears to have done nothing.

---

[2] Electronic Case Filing Rules & Instructions § 24.2 (Feb. 1, 2019 ed.), https://nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF%20Rules%2020020119%20Final%20v3%20new%20links.pdf.

In the Letter, Plaintiff attempts to demonstrate good cause through various assertions about timing and circumstances, but he does not actually explain why or how the specters he invokes were relevant to his failures with service in this case. For example, he discusses how the omnipresent "COVID-19 Pandemic" has made life more complicated, (Ltr. 2–3), but he never says how the pandemic disabled him from effecting service, having process issued, or hiring a process server. He also says that he "relied" on New York State executive orders "that tolled the required period for service of process in civil cases." (Ltr. 3.) This is unavailing for a number of reasons—for one, state law does not control procedure in the federal courts. *See generally* Wright & Miller § 4508 & n.74 (3d ed.). Indeed, Plaintiff seems to acknowledge that he is making a facile argument on this point: his Letter selectively italicizes part of a quotation from an inapposite case that discusses only whether the executive orders in question "arguably[ ] tolled[ ] [a] state statute of limitations" in a manner that would apply in federal court. *Citi Connect, LLC v. Loc. Union No. 3, Int'l Bhd. of Elec. Workers*, No. 20 Civ. 5147 (CM), 2020 WL 5940143, at *4 (S.D.N.Y. Oct. 7, 2020). Here, however, Plaintiff's primary cause of action is asserted under "federal law." *O'Rourke v. Ehsan Food Corp.*, No. 19-CV-6162 (LJL), 2020 WL 6894663, at *4 (S.D.N.Y. Nov. 24, 2020). More to the point, Plaintiff's apparent "good faith" reliance on state executive orders is belied by the facts that (1) the last-in-time order he cites states that any tolling it provided would expire on "November 3, 2020;"[3] and (2) those orders were premised on the fact that the state courts were closed for business, *see Citi Connect*, 2020 WL 5940143, at *3. In this case, however, Plaintiff filed his complaint before this Court, which was open and in a position to process a request for an issuance of summons had the proper request been made.

---

[3] *See* Executive Order 202.67, Continuing Temporary Suspension and Modification of Laws Relating to the Disaster Emergency, https://www.law.buffalo.edu/content/dam/law/content/cle/210324-2-materials/eo-202-67.pdf.

Finally, I do not find it appropriate to exercise my discretion to grant Plaintiff additional time to serve without a showing of good cause. "[A] district court *may* grant an extension in the absence of good cause, but it is not required to do so." *Zapata v. City of New York*, 502 F.3d 192, 197–98 (2d Cir. 2007) (emphasis in original) (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)). At minimum, before granting an extension of time to serve absent a showing of good cause, a district court should assess whether "the plaintiff" has "advance[d] some colorable excuse for [his] neglect" of Rule 4(m)'s time limit. *See id.* (citing *Bogle-Assegai*, 470 F.3d at 509).

Here, Plaintiff "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay." *Zapata*, 502 F.3d at 199.[4] Plaintiff took no action to effect service or to bring any issue with service to my attention until after I entered my August 16, 2021 order, which came almost an entire year after he had filed the action. In addition, I find it notable that no Defendant received actual notice of this action. Although Plaintiff argues that a single Defendant is on notice of some portion of his grievances because that Defendant "received [a] right to sue letter from the EEOC," (Ltr. 2), this is a far cry from asserting that any Defendant received actual notice of the claims filed against them in this action. "[T]he 'core function' of service is to supply notice 'in a manner and at a time that afford the defendant a fair opportunity to answer the complaint and present defenses and objections.'" *Garcia v. City of New York*, 15 Civ. 7470 (ER), 2017 WL 1169640, at *6 (S.D.N.Y. Mar. 28, 2017) (alteration in original) (quoting *Bunim v. City of New York*, Nos. 05 Civ. 1562–1574 (KMK), 2006 WL 2056386, at *4 (S.D.N.Y. July

---

[4] *See also Astarita v. Urgo Butts & Co.*, No. 96 CIV. 6991 (PKL), 1997 WL 317028, at *4 (S.D.N.Y. June 10, 1997) ("Plaintiff has been represented by counsel throughout this matter. She has not claimed that she was unable to locate the individual defendants. Moreover, she does not claim that, once defendants had failed within the prescribed thirty days to execute and return the waiver of service request, she was unable to serve process. As far as can be determined from the record presented, no effort has *ever* been made to effect formal service." (emphasis in original)). This language from *Astarita* applies equally to Plaintiff in this action.

21, 2006).

Accordingly, this action is hereby DISMISSED without prejudice.  The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: September 23, 2021
New York, New York

_____
VERNON S. BRODERICK
United States District Judge